Sergey Risko, Esq.
New York State Bar # 5773981
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com
*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**MAKSIM SUNELIK**
(A# 216-736-016),

Petitioner,

v.

**RAUL MALDONADO JR.,** Warden, Metropolitan Detention Center, Brooklyn;

**KENNETH GENALO,** Director of the New York City Field Office of U.S. Immigration and Customs Enforcement;

**DAVID VENTURELLA,** Acting Director of U.S. Immigration and Customs Enforcement;

**MARKWAYNE MULLIN,** Secretary of the U.S. Department of Homeland Security;

**TODD BLANCHE,** Attorney General of the United States,

Respondents.

Civil Action No. 26-cv-5127

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

## I. INTRODUCTION

1. Petitioner Maksim Sunelik ("Petitioner"), brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention. Petitioner is a derivative applicant on the pending asylum application of his husband, Aleksei Lombrozo, which is based on persecution on account of sexual orientation. Officers of U.S.

Immigration and Customs Enforcement ("ICE") took Petitioner into civil immigration custody at John F. Kennedy International Airport immediately upon his arrival on a domestic flight, pursuant only to an administrative warrant of arrest and without any individualized custody determination supported by reasons or a bond amount. ICE thereafter scheduled, and then cancelled without rescheduling, a bond hearing before an immigration judge, and has placed Petitioner on an expedited "fast-track" removal calendar affording him no meaningful time to prepare his case.

2. For the reasons set forth below, Petitioner respectfully requests that this Court grant the writ.

## II. JURISDICTION AND VENUE

3. This action arises under the Constitution, laws, and treaties of the United States, including 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the Constitution (the Suspension Clause). Relief is also authorized by the All Writs Act, 28 U.S.C. § 1651, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). Petitioner is "in custody" within the meaning of § 2241.

5. Venue is proper in this District because, at the time this Petition was filed, Petitioner was confined at the Metropolitan Detention Center (MDC) Brooklyn, New York, 80 29th Street, Brooklyn, NY 11232. See *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493–500 (1973).

## III. PARTIES

6. Petitioner, Maksim Sunelik, is a citizen of Belarus. He is currently detained at the MDC Brooklyn, New York.

7. Raul Maldonado Jr. is the Warden of the Metropolitan Detention Center (MDC) Brooklyn, New York, and is Petitioner's immediate custodian.

8. Kenneth Genalo is the Director of the New York City Field Office of U.S. Immigration and Customs Enforcement, who administers the immigration laws and is responsible for detention and removal operations within this District, and who has legal custody of Petitioner.

9. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement (ICE).

10. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS") and oversees ICE.

11. Respondent Todd Blanche is the Attorney General of the United States.

## IV. STATEMENT OF FACTS

12. Petitioner is a citizen of Belarus who entered the United States on a B-1/B-2 visa on May 27, 2016, and was admitted as a B-2 visitor until November 26, 2016 (Form I-94 Record No. 97524030130).

13. Petitioner's husband has a pending application for asylum based on persecution on account of sexual orientation. Petitioner is a derivative applicant on that application.

14. Since his entry into the United States, Petitioner has resided in this country with his husband for approximately the last ten years while their asylum case remained pending.

15. On July 14, 2026, Petitioner was detained by ICE officers at John F. Kennedy International Airport immediately upon deplaning from a flight arriving from San Francisco.

16. Petitioner was arrested pursuant to a Form I-200 administrative warrant of arrest—not a judicial warrant—which was signed and issued on July 13, 2026, at 9:52 p.m., the evening before his arrest.

17. To Petitioner's knowledge, no Notice to Appear had been issued or served on him at or before the time of his arrest on July 14, 2026.

18. Later that day, at the processing center, Petitioner was presented with and signed a Notice of Custody Determination. The Notice did not set any bond amount and did not state any reasons or findings regarding flight risk or danger to the community.

19. Petitioner was thereafter transported to, and remains detained at, the Metropolitan Detention Center in Brooklyn, New York.

20. A bond hearing before an immigration judge was scheduled for August 3, 2026. That hearing was cancelled and, as of the filing of this Petition, has not been rescheduled.

21. Petitioner has been placed on an expedited "fast-track" removal calendar, with an Individual Hearing on the merits of his case scheduled for September 15, 2026—affording Petitioner and counsel a severely compressed period in which to prepare his case, including the claim of persecution on account of sexual orientation underlying his husband's asylum application.

22. Based on these facts, Petitioner files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention.

## V. LEGAL CLAIMS

### COUNT ONE
### Arrest and Detention in Violation of the Fourth Amendment, the INA, and Applicable Regulations

23. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

24. As noted above, Petitioner entered the United States on a B-1/B-2 visa and was admitted as a B-2 visitor. Accordingly, his arrest and detention are governed by 8 U.S.C. § 1226(a), which establishes a discretionary detention framework, and not by the mandatory-detention provisions applicable to arriving aliens under 8 U.S.C. § 1225(b). Petitioner was not encountered at a port of entry or during a CBP inspection; he was arrested by ICE, after deplaning a domestic flight, more than ten years after his last admission to the United States. He is therefore not an "alien seeking admission" or "applicant for admission" within the meaning of § 1225(b), and his detention is subject to the discretionary framework and

warrant requirement of § 1226(a). Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "[P]ending such decision, the Attorney General . . . may continue to detain the arrested alien [or] may release the alien on . . . bond of at least $1,500 . . . [or] conditional parole." *Id.*

25. Section 1226(a) "authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest." *Jennings v. Rodriguez*, 583 U.S. 281, 302, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018) (alteration in original) (quoting 8 U.S.C. § 1226(a)). It is a Form I-200 Warrant, the procedures for which are governed by Department of Homeland Security ("DHS") regulations. Implementing regulation 8 C.F.R. § 1236.1(b)(1) limits the time in which a Form I-200 Warrant may be executed: "At the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed, the [named individual] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1).

26. Thus, "[t]he NTA begins the removal process, and at that time or after its issuance, the [g]overnment can then effectuate [an individual's] arrest, and, if necessary, detention, until removal proceedings are completed." *Gopie v. Lyons*, No. 25-CV-5229 (SJB), 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) (citing *Niz-Chavez v. Garland*, 593 U.S. 155, 157-58, 141 S. Ct. 1474, 209 L. Ed. 2d 433 (2021)). In other words, a "[Form] I-200 [Warrant] cannot be used to effectuate an arrest *before* an NTA has been issued." *Yeleshev v. Larocco*, No. 26-CV-2294 (SJB), 2026 U.S. Dist. LEXIS 107325, 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026) (collecting cases). And if a Form I-200 Warrant is without effect, it cannot serve as the predicate "warrant issued by the Attorney General" necessary to justify arrest and detention under Section 1226(a). *Okeke v. Maldonado*, 2026 U.S. Dist. LEXIS 158189, *9-11, 2026 LX 338394, 2026 WL 2056904 (2026); *Viner v. Maldonado*, No. 26-CV-4696 (PKC), ECF No. 8 (E.D.N.Y. Aug. 14, 2026).

27. Here, Petitioner was arrested at JFK Airport on July 14, 2026, pursuant only to an administrative Form I-200 warrant issued the prior evening. To Petitioner's knowledge, he was not served with a Notice to Appear at or before the time of his arrest. Because a Form I-200 Warrant "cannot be used to effectuate an arrest before an NTA has been issued," and

because a warrant issued in violation of 8 C.F.R. § 1236.1(b)(1) "is without effect" and cannot serve as the predicate "warrant issued by the Attorney General" that Section 1226(a) requires, ICE's execution of the I-200 warrant here—absent a preceding or contemporaneous NTA—was ultra vires: DHS lacked statutory and regulatory authority to arrest Petitioner at all. Petitioner's arrest therefore constituted an unreasonable seizure in violation of the Fourth Amendment, the INA, and applicable regulations, because it was executed without a valid predicate warrant, without probable cause, and without individualized suspicion. Petitioner reserves the right to supplement or amend this Count upon disclosure of the administrative record, including the date and time of issuance of the Notice to Appear.

28. Moreover, if ICE failed to issue and serve a Notice to Appear before or at the time of Petitioner's arrest, ICE lacked authority to arrest him. This defect constitutes a "dispositive and independent basis for granting the writ." *Gopie*, 2025 U.S. Dist. LEXIS 223512, 2025 WL 3167130, at *1 (collecting cases); see also *Yeleshev*, 2026 U.S. Dist. LEXIS 107325, 2026 WL 1353806, at *2; *Okeke v. Maldonado*, 2026 U.S. Dist. LEXIS 158189, *12, 2026 LX 338394, 2026 WL 2056904 (2026); *Viner v. Maldonado*, No. 26-CV-4696 (PKC), ECF No. 8 (E.D.N.Y. Aug. 14, 2026).

**COUNT TWO**
**Arrest and Detention in Violation of the Due Process Clause**

29. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

30. Independently, due process required ICE to make a reasoned, individualized custody determination before or at the time of Petitioner's arrest. The bare, unreasoned Notice of Custody Determination that ICE presented to Petitioner—which set no bond amount and articulated no findings—did not satisfy that requirement.

31. The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property without due process of law," U.S. Const. amend. V, regardless of "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

32. Application of the *Mathews v. Eldridge* framework to Petitioner's due process challenge weighs heavily in favor of relief. 424 U.S. 319, 321 (1976).

***A. Petitioner's private interest in being free from detention is strong***

33. Petitioner has a vested liberty interest in remaining free from detention, having lived in the United States for approximately the last ten years while his derivative asylum application has been pending. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

***B. The risk of erroneous deprivation is high***

34. Our immigration law has long recognized that noncitizens have an interest in an individualized hearing *prior to detention* in connection with immigration proceedings. *See Yamataya*, 189 U.S. at 101. And the Supreme Court has required individualized hearings for deprivations of interests less fundamental than Petitioner's interest in freedom from detention. See *Goldberg v. Kelly*, 397 U.S. 254, 268 (1970) (requiring an individualized hearing prior to the termination of welfare benefits). While the Government undoubtedly has authority to detain Petitioner under Section 1226(a), Petitioner is entitled to "adequate procedural protections" before being deprived of his liberty. *Zadvydas*, 533 U.S. at 690.

35. "ICE must allow the noncitizen to demonstrate to the satisfaction of the officer that release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." *Kelly*, 2025 U.S. Dist. LEXIS 159031, 2025 WL 2381591, at *3.

36. By presenting Petitioner with a Notice of Custody Determination only after his arrest which set no bond and stated no reasons or individualized findings, ICE failed to provide Petitioner with the pre-deprivation process required under these circumstances. A determination in form only, without any articulated basis, is the functional equivalent of no determination at all. *See Gopie v. Lyons*, 2025 U.S. Dist. LEXIS 223512, *7-8, 2025 LX 584849, 2025 WL 3167130 (2025); *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Kelly*, 2025 U.S. Dist. LEXIS 159031, 2025 WL 2381591, at *3 ("[T]he absence of any deliberative process prior to, or contemporaneous with, the deprivation . . . a writ of habeas corpus is the only vehicle for relief."); *Huamani*, 2025 U.S. Dist. LEXIS 219101, 2025 WL 3079014, at *9; *J.U.*, 2025 U.S. Dist. LEXIS 191630, 2025

WL 2772765, at *10 (finding violation and granting writ where "no individualized determination was made prior to or contemporaneously with the decision to detain Petitioner[.]"); *Valdez v. Joyce*, No. 25-CV-4627, 2025 U.S. Dist. LEXIS 117131, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025).

37. Here, the risk of an erroneous deprivation of Petitioner's rights is high. Without a reasoned, individualized pre-deprivation determination, there is substantial risk that a noncitizen such as Petitioner—with approximately ten years of residence, a pending derivative asylum application, and no alleged criminal history—will be detained without any showing that detention is warranted. An individualized assessment before an immigration judge, with an actual bond amount and stated reasons, substantially reduces this risk. See *Demore*, 538 U.S. at 531–32 (Kennedy, J., concurring); *Ismoilov v. Marin*, No. ED CV 26-00450-FMO (DSR), ECF No. 7 at 8 (C.D. Cal. Feb. 9, 2026). This risk is compounded here because ICE scheduled, and then cancelled without rescheduling, the one bond hearing that might have supplied the missing process, while simultaneously placing Petitioner on an expedited merits calendar. Thus, the second factor weighs heavily in Petitioner's favor.

***C. The government's burden does not outweigh Petitioner's interests***

38. Finally, the government has an interest in maintaining its current procedures. While providing a bond hearing or other form of due process prior to depriving someone of their liberty poses some degree of "fiscal and administrative burden," *Diaz*, 53 F.4th at 1209 (quoting *Mathews*, 424 U.S. at 335), the government has not provided any evidence that the burden would be significant—particularly where, as here, it had already scheduled a bond hearing before cancelling it.

39. This factor therefore weighs in favor of Petitioner, especially when balanced against the significant liberty interest at stake and the need for adequate procedural safeguards to prevent the erroneous deprivation of that interest.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

40. When Congress mandates it, courts require petitioners to exhaust their administrative remedies. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But when, as here,

Congress has not imposed a statutory exhaustion requirement, the decision whether to require a petitioner to exhaust lies within "sound judicial discretion." *Id.* In exercising that discretion, the Supreme Court has explained that "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146. The Second Circuit likewise treats non-statutory exhaustion in the § 2241 context as "a matter of sound judicial discretion," not a jurisdictional bar, and recognizes that the requirement gives way where, as here, pursuing the administrative process would be inadequate or futile. *See Guitard v. United States Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992).

41. A bond hearing before an immigration judge is a "redetermination" of custody—it assumes that a valid custody determination was made in the first instance. Here, the Notice of Custody Determination Petitioner received set no bond and stated no reasons, and thus was not a valid initial custody determination capable of redetermination. *See Gopie*, 2025 U.S. Dist. LEXIS 223512, *7-8; *Kelly*, 2025 U.S. Dist. LEXIS 159031, 2025 WL 2381591, at *3. Moreover, Petitioner has already attempted to pursue the administrative process available to him: a bond hearing was scheduled for August 3, 2026, but ICE cancelled it without rescheduling.

42. Thus, Petitioner should not be required to exhaust a process that was deficient from the outset and that the government itself has failed to complete.

## VII. SCOPE OF RELIEF

43. District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

44. In essence, habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy is, of course, release." *Id.*; see also *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020).

45. The most appropriate remedy in a case like this, where Petitioner has been detained in violation of the Due Process Clause, is release on recognizance without further conditions of release. See *Ambroladze v. Maldonado*, No. 26-CV-00474 (HG), 2026 WL 280182, at

*3 (E.D.N.Y. Feb. 3, 2026); *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014, 2026 WL 91470, at *13 (D. Colo. Jan. 13, 2026); *Faizyan v. Casey*, No. 3:25-cv-02884-RBM-JLB, ECF No. 1, at 15 (S.D. Cal. Nov. 17, 2025); *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025); *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025).

46. In *Salto-Salto v. Soto*, No. 1:26-cv-00612, ECF No. 6, at 4 (D.N.J. Jan. 23, 2026), the Court explained that where the basis for a petitioner's continued detention was "blatantly unlawful from the start, the only commensurate and appropriate equitable remedy . . . is to immediately release him and enjoin the Government from further similar transgressions," (citing *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019)).

47. "The flexibility of habeas relief allows the Court to restore Petitioner to the position he would have occupied had DHS adhered to law." *Cifuentes v. Soto*, No. 25-cv-18029, 2025 WL 3771380, at *4 (D.N.J. Dec. 31, 2025) (emphasis added).

48. This concern is heightened by the fact that Petitioner has been placed on an expedited "fast-track" removal calendar, with an Individual Hearing scheduled for September 15, 2026, leaving him and counsel little time to prepare. In multiple cases nationwide, in multiple cases nationwide, federal district courts have found that court-ordered immigration bond hearings failed to provide the neutral, individualized process required by their habeas orders, including by shifting or disregarding the Government's burden of proof, failing to meaningfully consider the evidence, and issuing conclusory bond denials. Courts have increasingly identified a troubling pattern of deficient proceedings, with some describing bond determinations as “rubber-stamp” decisions or reflecting indications of a predetermined outcome.[1]

49. "The Court cannot ignore that the circumstances surrounding these proceedings raise substantial concerns as to whether any non-citizen can receive the impartial hearing that

---

[1] Elizabeth Jordan, *Constitutionally Adequate Immigration Bond Procedures*, Harv. L. Rev. Blog (July 20, 2026), available at https://harvardlawreview.org/blog/2026/07/constitutionally-adequate-immigration-bond-procedures/ Gustavo Solis, *Lawyers Accuse Immigration Courts of Holding ‘Sham’ Bond Hearings*, KPBS (June 4, 2026), available at https://www.kpbs.org/news/border-immigration/2026/06/04/lawyers-accuse-immigration-courts-of-holding-sham-bond-hearings

due process requires." *Haiguang Zheng v. Rokosky*, No. 26-cv-01689, 2026 U.S. Dist. LEXIS 60485, at *18-19 (D.N.J. Mar. 23, 2026).[2]

50. "The mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Zheng*, LEXIS 60485, at *11; *Singh v. Valdez*, No. 26-cv-1109-WJM, 2026 U.S. Dist. LEXIS 71846, at *13 (D. Colo. Apr. 1, 2026); *Santos Cardoso v. Blanche*, No. 1:26-cv-02534-RBJ, ECF No. 8 (D. Colo. July 22, 2026).

51. Even if an immigration judge were to hold a hearing and grant bond, given the government's own cancellation of the previously scheduled bond hearing and the compressed fast-track calendar, a post-deprivation hearing cannot serve as an adequate substitute for the pre-deprivation process Petitioner was denied. It is undisputed that Petitioner was detained *without any pre-deprivation process.* Therefore, *immediate release* is warranted and necessary to remedy the ongoing violation of Petitioner's rights.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. **Order that Petitioner shall not be removed from the United States without an order by this Court allowing such removal and transferred outside this District, absent further order of this Court;**

c. **Expedite consideration of this Petition under 28 U.S.C § 1657 ("the court shall expedite the consideration of any action brought under chapter 153", which includes petitions for habeas corpus);**

d. Issue an Order to Show Cause directing Respondents to explain why the writ should not be granted within three days, as required by 28 U.S.C. § 2243;

---

[2] See https://www.nytimes.com/2026/04/09/us/politics/trump-miller-immigration-judges-purge.html (last visited August 20, 2026).

e. Declare Petitioner's detention unlawful;

f. Order Petitioner's **immediate release;**

g. Order enjoining Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody bears strong special justification;

h. Order limiting Respondents to the restraints on Petitioner's liberty that existed prior to his arrest. See *Khabazha v. United States Immigr. & Customs Enf't,* No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025);

i. Order Respondents to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. See *Ambroladze v. Maldonado,* No. 26-CV-0473 (PKC), 2026 U.S. Dist. LEXIS 23367, at *5 (E.D.N.Y. Feb. 4, 2026);

j. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

k. Grant such further relief as this Court deems just and proper.

Date: August 20, 2026

Respectfully submitted,

/s/ Sergey Risko
Sergey Risko, Esq.
New York State Bar #5773981
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com
*Attorney for Petitioner*

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I, Sergey Risko, Esq., represent the Petitioner, Maksim Sunelik, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2242 or under the U.S. Constitution are true and correct to the best of my knowledge.

Date: August 20, 2026

/s/ Sergey Risko
Sergey Risko, Esq.
New York State Bar #5773981
Risko Law Group, PLLC
227 West Street, Suite 2121
Brooklyn, NY 11222
(718)-757-7734
riskolawgroup@gmail.com
*Attorney for Petitioner*